MILLER *a.* DE PEYSTER.—ANDERSON *a.* THE SAME.

*New York Superior Court; General Term, January,* 1855.

COSTS.—INTERPLEADER.

Upon a bill of interpleader, the unsuccessful claimant adjudged to pay all costs recovered by the plaintiff, and also all costs of his co-defendant, both upon the bill and in an action at law between the claimants upon the same subject matter.

Certain sums were due from the plaintiffs, to the owner of certain real estate for rents of the same. The title being in litigation, the plaintiffs filed bills of interpleader against the defendants, De Peyster and Van Rensselaer, who were the adverse claimants, at the same time paying into court the rents, or a large portion of them. A decree was entered in favor of the defendant, De Peyster, and adjudging that he and not the co-defendant, Van Rensselaer, was entitled to the rents, and adjudged the plaintiffs entitled to their costs in this suit, and also to their costs in several suits at law previously brought against them by the defendant, De Peyster, in the Supreme Court, to be paid out of the fund paid into court on filing the bills.

The decision of the court, however, upon the point as to which defendant should be ultimately responsible for the payment of the plaintiff's costs, was reserved, in order that evidence might be taken as to whether any understanding or arrangement had existed between the co-defendants relative to the enforcement of their claims against the plaintiffs. Such an arrangement the defendant, Van Rensselaer, had alleged and his co-defendant De Peyster denied.

Evidence upon this point being reported by the referee which failed to substantiate the alleged understanding, the following opinion was rendered by the court on the question of the apportionment of the costs.

*Cambridge Livingston* for defendant, De Peyster.

*Joseph Blunt,* for defendant Van Rensselaer.

By the Court. Hoffman, J.—By a decree of the general term of this court, made on the 11th of October, 1852, it was declared that the defendant, Van Rensselaer, had no title or interest in the funds referred to in the pleadings; but that the same belonged exclusively to the defendant, De Peyster, and that the claim set up by defendant, Van Rensselaer, was totally unfounded and untrue. The decree declared a certain sum to be due from the plaintiff, Miller, to the defendant, De Peyster, for rent, and certain other sums from the other plaintiffs. A large part of the moneys so decreed to be due, had been paid into court by the plaintiffs upon filing their bills. These sums were adjudged to belong to De Peyster, and the plaintiffs ordered to pay him the balance respectively, if there should remain any balances after payment of their costs, to which the decree declared them entitled, as well as to the costs of the suit instituted against them by the defendant, De Peyster, in the Supreme Court. These bills were bills of interpleader, filed by the respective plaintiffs, after suit at law commenced against them by De Peyster, and by reason of a claim for such rents, made upon the parties by the defendant, Van Rensselaer.

The court at general term did not proceed to determine the question of costs as between the co-defendants in the interpleader suits, in consequence of an averment that an arrangement had existed between the late John Watts, and Van Rensselaer, and also between Van Rensselaer and the defendant, De Peyster, relating to the enforcement of the claims for rent. An order of reference was made to inquire into the existence and extent of any such arrangement, and the question of costs is now to be settled upon the report which has been made upon that matter, and the accompanying evidence.

The defendant, De Peyster, denies in his answer any such agreement as is alleged, and there is no proof whatever to establish it against him.

Evidence is adduced to shew that there was such an arrangement made with Mr. Watts, the effect of which would be that the institution of such suits for rent, was a violation of a contract between Van Rensselaer and himself, and should at least exempt the latter from paying costs. This testimony consists

of several letters from Mr. Watts, none of which in any degree establish the allegation. The other is the testimony of the highly respectable counsel, who can only speak of a contemplated arrangement for the collection of the rents and payment into the Trust Company, which he allows was not consummated. There is also some unimportant evidence of Anthony Pricker, as to a conversation with Mr. Watts, in which he was told by the latter that he need not pay any more rent till the matter was settled.

It should be observed that Mr. Watts died in 1836, and the suits in question were not commenced until the year 1847.

This defendant has failed in proving any agreement competent to vary the ordinary rule in these cases as to costs.

That rule is well settled, and renders the unsuccessful claimant responsible for costs in all cases except where special circumstances have induced the court to exercise its discretionary power in his favor. (Richards v. Salter, 6 *John. Ch. Rep.* 448, and cases cited; also Mason v. Hamilton, 1 *Simons*, 19).

The costs allowed under these decisions are undoubtedly all the successful defendant's costs in equity, and all the costs which are taken by the plaintiff in the interpleading bills both in equity and at law. I have had some doubt as to the costs of that defendant at law, and these were not given in Richards v. Salter, nor apparently in Henary v. Key, (*Dickens*, 291). But it was done in the well-considered case of Dawson v. Hardcastle, (2 *Cox*, 277), and in Mason v. Hamilton, (1 *Simons*, 19). It appears to be the reasonable rule.

The order will be, that the defendant De Peyster recover from the defendant Van Rensselaer all the costs which the plaintiff shall be paid or retain out of the money in court, or the unpaid balance in their hands respectively, and also all the costs of such defendant in this suit, and of the action at law commenced by him.

The order will be drawn by the defendant Van Rensselaer's attorney, and submitted for settlement upon notice.